IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROSALENE MILDRED LOPES, #A0223855, | CIV. NO. 13-00507 DKW/KSC |
| Plaintiff, | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915A & 1915(e) |
| vs. | |
| STATE OF HAWAII, DEP'T OF PUBLIC SAFETY, OFFICE OF OMBUDSMAN, OFFICE OF PUBLIC DEFENDER, | |
| Defendants. | |

## **ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915A & 1915(e)**

Before the court is pro se Plaintiff Rosalene Mildred Lopes' prisoner

civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is

incarcerated at the Women's Community Correctional Center ("WCCC").  Plaintiff

alleges that past and present officials of the State of Hawaii, the Hawaii

Department of Public Safety, the Office of the Ombudsman, and the Office of the

Public Defender[2] are falsely imprisoning her by refusing to credit a putative

---

[1] Plaintiff is proceeding in forma pauperis.

[2] Plaintiff names these entities in the Complaint's caption.  She names WCCC officials:
(1) Richard Melo ; (2) Pua Miha; (3) Mark Patterson; (4) Milton Kotsubo; (5) Michael Hoffman;
(6) Eric Chung; and (7) Nicole Alana; and (8) Deputy Public Defender Kenji K. Akamu; (9)

(continued...)

"Expungement Certificate" that allegedly annulled her criminal charges.  Plaintiff's

Complaint is dismissed without prejudice for failure to state a claim pursuant to 28

U.S.C. § 1915A(b)(1) and § 1915(e)(2).

# I. **LEGAL STANDARD**

The court must screen all civil actions brought by prisoners relating to

prison conditions and/or seeking redress from a governmental entity, officer, or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must

dismiss a complaint or portion thereof if its claims are legally frivolous, malicious,

fail to state a claim on which relief may be granted, or seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it

(1) lacks a cognizable legal theory; or (2) contains insufficient facts under a

cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

While Rule 8 does not demand detailed factual allegations, "it demands more than

---

[2](...continued)
Ombudsman Analyst Iyvonne Jinbo; and (10) Hawaii Paroling Authority Administrator Tommy
Johnson (collectively, "Defendants") in the Complaint's body.

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint

fails to state a claim if it does not plead "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a pro se complaint liberally, accept all

allegations of material fact as true, and construe those facts in the light most

favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe

v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to

construe pro se filings liberally").  Leave to amend should be granted unless it

appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

2000) (en banc).

## II.  **BACKGROUND**

Because Plaintiff's Complaint is largely incoherent without reference

to the criminal conviction to which it refers, the court takes judicial notice of

Plaintiff's state criminal conviction in *Hawaii v. Lopes*, 1PC06-1-001831, in which

she pled guilty to one count of Forgery in the Second Degree and one count of

Theft in the Second Degree, on November 20, 2006.[3]  *See* Hawai'i State

Judiciary's Public Access to Court Information, publicly available at:

http://hoohiki1.courts.state.hi.us/jud/Hoohiki/.  On January 29, 2007, the state

circuit court issued a bench warrant against Plaintiff, which was executed on

August 7, 2009.  On October 28, 2009, judgment of conviction and sentence was

entered.  Plaintiff was sentenced to five years incarceration for both counts, to be

served concurrently with credit for time served.  Mittimus entered immediately.

Plaintiff says that she received an "Expungement Certificate" on or

about July 20, 2010, which allegedly annulled her criminal charges in *Hawaii v.*

*Lopes*, 1PC06-1-001831.  Plaintiff admits that she does not have possession of this

certificate; she alleges that the WCCC Warden's secretary destroyed or altered the

only copy of the original document.  The state court docket in *Hawaii v. Lopes*,

1PC06-1-001831, shows that Plaintiff's Motion for Reconsideration of Sentence

was denied on January 21, 2010.  A sealed "Presentence Diagnosis and Report

Dated 10/12/09" was docketed in the case on August 17, 2010.  There is no entry

---

[3] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

in the docket on July 20, 2010, and no indication that Plaintiff's sentence has been

expunged, overturned, or otherwise called into question.

Plaintiff asks *this* court to produce her Expungement Certificate, to

prove that the Hawaii Attorney General expunged her criminal charges on or about

July 20, 2010.  She seeks immediate release and damages for her allegedly false

imprisonment.

## III.  DISCUSSION

A habeas corpus petition is the correct method for a prisoner to

challenge the "legality or duration" of his confinement.  *Badea v. Cox*, 931 F.2d

573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973));

Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

for a prisoner to challenge the conditions of that confinement and to seek damages.

*McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499;

*Badea*, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules

Governing Section 2254 Cases.

**A.      Plaintiff's Section 1983 Claims Are Dismissed**

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in her favor would necessarily impugn the validity of her conviction or sentence; if so, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Thus, to recover damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.* at 486-87.

A civil rights "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  *Id.* at 489-90 (footnote omitted).  Such a claim is not cognizable and should be dismissed.  *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (holding that the district court may dismiss sua sponte a *Heck*-barred claim without prejudice under 28 U.S.C. § 1915).

*Heck* generally bars all claims challenging the validity of an arrest, prosecution or conviction. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (holding that plaintiff's wrongful arrest, malicious prosecution and conspiracy to bring false charges against police officers were *Heck*-barred ). *Heck* also bars a plaintiff's false arrest and imprisonment claims until the conviction is invalidated. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). In short, *Heck* bars all claims that "necessarily imply" the invalidity of a conviction. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (holding that a prisoner's claim of denial of access to counsel while a pretrial detainee was barred by *Heck*, because the claim would necessarily imply invalidity of subsequent conviction).

Plaintiff alleges that her conviction was expunged in July 2010, but claims she has no proof of this expungement because the WCCC Warden's secretary, Pua Miha, "altered and modified the truth of a proven legal documentation." Compl., ECF No. 1 at 2. It is clear that Plaintiff remains incarcerated, and with reference to the state circuit court's docket, that her conviction and sentence have not been invalidated in any manner. Leaving aside the facial implausibility of Plaintiff's claims when assessed against her state court criminal docket, it is also clear that success in this action would necessarily

invalidate Plaintiff's present incarceration.  Plaintiff's claims are barred by the

*Heck* doctrine.

**B.      Plaintiff's Claims for Immediate Release**

Claims challenging the validity of a prisoner's continued

incarceration, including the fact or length of the custody, are within the "heart of

habeas corpus" and are cognizable only in federal habeas corpus.  *Preiser*, 411

U.S. at 498-99, 499 n.14.  To the extent Plaintiff seeks immediate release, she must

bring such claims in a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  *See Preiser*, 411 U.S. at 485.  Before she may do so, however, she must

present her claims to the highest state court with authority to hear them.  *See Rose

v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

## IV.  <u>CONCLUSION</u>

Plaintiff's Complaint and action are DISMISSED without prejudice

for failure to state a claim on which relief may be granted.  Because it is clear that

amendment is futile, this dismissal is without leave to amend.  Plaintiff may file a

new complaint seeking damages in a new civil rights action after her conviction

and sentence are invalidated.  In the alternative, Plaintiff may bring her claims for

immediate release in a petition for writ of habeas corpus, after she has fully-

exhausted her claims in the state courts.  The Clerk shall terminate any pending

motions and close the file.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, October 31, 2013.



                                         Derrick K. Watson
                                         United States District Judge

---------------------------------------------------------------------------------------------------
Rosalene Mildred Lopes v. State of Hawaii, Dept of Public Safety, et al.;
CV 13-00507 DKW/KSC; ORDER DISMISSING COMPLAINT PURSUANT TO
28 U.S.C. §§ 1915A & 1915(e)

*Lopes v. Hawaii, et al.*, 1:13-cv-00507 DKW/KSC;G:\docs\DKW shared\Pro Se Atty\Lopes 13-507 dkw (FTSC,dsm lv amd,
imp. d's, incoherent cls).wpd